UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURI GORDON,<br><br>        **Plaintiff,**<br><br>        v.<br><br>BANK OF AMERICA, N.A.,<br>SETERUS, INC.,<br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br>JOHN DOES I-X,<br><br>        **Defendants.** | Civ. No. 2:16-03093<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Lauri Gordon brings this action against Bank of America, N.A. ("BANA"), Seterus, Inc., Federal National Mortgage Association ("Fannie Mae") and John Does I-X (collectively "Defendants"), alleging common law fraud, breach of contract, breach of duty of good faith and fair dealing, violation of the New Jersey Consumer Fraud Act, and violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692), in connection with the foreclosure by Defendants of her property in New Jersey State court. This matter comes before the Court on Defendants' simultaneous motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motions to dismiss are **GRANTED**.

    **I.**    **BACKGROUND**

      Plaintiff is a New Jersey resident who owns real property in Wyckoff, New Jersey, which is the subject matter of the mortgage in dispute before the Court. First Am. Compl. ("Compl.") ¶ 3, ECF No. 19. BANA is, among other things, a mortgage servicer with its principal place of business in North Carolina and was a prior servicer of Plaintiff's mortgage. *Id.* at ¶ 4. Seterus is a mortgage servicer with its principal place of business in North Carolina and is the current servicer of Plaintiff's mortgage. *Id.* at ¶ 5. Fannie Mae is a mortgage loan company with its principal place of business in Washington, D.C., and is the owner of Plaintiff's mortgage. *Id.* at ¶ 6.

1

### A. The Foreclosure Action in New Jersey State Court

This case arises out of a foreclosure dispute that was previously litigated in the Superior Court of New Jersey, Chancery Division. *See* Mem. of Law in Supp. of BANA's Mot. to Dismiss ("BANA's Mot.") 2, ECF No. 22-1. In that case, BANA sought foreclosure of Plaintiff's property after she defaulted on her mortgage. *Id*. at 3. In her answer to BANA's foreclosure complaint, Plaintiff asserted ten affirmative defenses, including unclean hands, fraudulent inducement and fraud in the creation of the mortgage. *See* Certification of Stephen J. Steinlight ("Steinlight Cert."), Ex. B at 5–8, ECF No. 22-3.

In January 2015, BANA moved for summary judgment on the foreclosure action. *See id*., Ex. C. In her opposition to summary judgment, Plaintiff argued, in pertinent part, that she was not in default because she had entered into and successfully completed a Trial Period Plan ("TPP") Agreement with BANA under the Home Affordable Modification Program. Plaintiff argued that she made timely payments pursuant to the TPP and that she was, therefore, entitled to a modification of her mortgage and was not in default. *See id.*, Ex. D at 4–5. On February 20, 2015, the court issued an order finding that BANA had standing to foreclose and that Plaintiff was not entitled to a modification because she failed to satisfy the terms of the TPP. *See id*., Ex. F at 2–3. Plaintiff subsequently filed for reconsideration, which the court rejected. *See id*., Exs. G, J.

As a result of the court's order, the matter was returned to the Office of Foreclosure for issuance of a final judgment. For reasons unknown to the Court, however, BANA never pursued a final judgment and none was given. On October 7, 2016, the matter was dismissed without prejudice for failure to prosecute the claim. Certification of Adam Deutsch ("Deutsch Cert."), Ex. 1, ECF No. 31-1. On or about April 1, 2015, Seterus took over the servicing of Plaintiff's mortgage from BANA. Compl. at ¶ 74.

### B. The Present Litigation

Plaintiff alleges the following counts:

- <u>Count I</u>: common law fraud against BANA and Fannie Mae, Compl. at ¶¶ 75–85;
- <u>Count II</u>: breach of contract against all Defendants, *id*. at ¶¶ 86–107;
- <u>Count III</u>: breach of duty of good faith and fair dealing against BANA and Fannie Mae, *id*. at ¶¶ 108–24;
- <u>Count IV</u>: violation of New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1(d), against BANA and Fannie Mae, *id*. at ¶¶ 125–37;
- <u>Count V</u>: violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., against Seterus, *id*. at ¶¶ 138–56.

Plaintiff asserts that a BANA employee fraudulently induced her to default on her mortgage loan in order to qualify for the loan modification program. *Id*. at ¶ 48. In late December 2009, Plaintiff entered into the TPP Agreement with BANA. *Id*. at ¶¶ 54–56. Plaintiff claims to have made three monthly payments of $1,614.17 in a timely fashion. *Id.* at ¶¶ 63–67. According to Plaintiff, despite satisfying the terms of the TPP, BANA informed her that she was not eligible for a permanent modification. *Id*. at ¶ 70.

On September 21, 2016, BANA moved to dismiss Plaintiff's Complaint, arguing: (1) that the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine; (2) that *res judicata* and collateral estoppel bar Plaintiff's claims; (3) that New Jersey's Entire Controversy Doctrine bars any claim that is "germane" to the foreclosure action; and (4) that Plaintiff fails to state a claim for which relief may be granted. *See* BANA's Mot. at 11. On that same date, Seterus and Fannie Mae jointly filed their own motion to dismiss, in which they raised similar arguments and added that the Court should abstain from hearing the matter pursuant to the *Colorado River* abstention doctrine. *See* Defs. Seterus Inc. and Fed. Nat'l Mortgage Ass'n's Mem. of Law in Supp. of Their Mot. to Dismiss ("Seterus' Mot.") 8–30, ECF No. 23.

Plaintiff opposed dismissal, arguing first that the *Rooker-Feldman* doctrine does not apply in this case because the state court never issued a final judgment in the foreclosure action. *See* Opp'n of Defs.' Mots. to Dismiss the Compl. ("Pl.'s Opp'n") 10–11, ECF No. 31. Plaintiff also opposed Defendants' other arguments. *See id.* at 12–44. BANA, Seterus and Fannie Mae filed replies. *See* ECF Nos. 34, 35.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a factual attack, such as the ones presented here, the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. *Gould Elecs.*, 220 F.3d at 176; *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997). The plaintiff bears the burden of proving that jurisdiction exists. *Gould Elecs.*, 220 F.3d at 178.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542

F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

### III. DISCUSSION

The Court will first address Defendants' subject matter jurisdiction arguments. Because the Court finds that it lacks subject matter jurisdiction over Counts I–IV of the Complaint, the Court will then address the remaining FDCPA claim against Seterus.

#### A. The *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over complaints that "essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). "[A] claim is barred by *Rooker-Feldman* under two circumstances: first, if the federal claim was actually litigated in state court prior to the filing of the federal court action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005) (quotation omitted). "A federal claim is inextricably intertwined with an issue adjudicated in state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *Id.* at 581 (quotation omitted). *Rooker-Feldman* unquestionably applies to state foreclosure proceedings. *See Monclova v. US Bank N.A.*, No. 16-cv-3677, 2017 WL 118015, at *1 (3d Cir. Jan. 12, 2017). The Third Circuit has also expressly held that *Rooker-Feldman* applies to interlocutory orders of lower state courts. *See Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J. Police Dep't*, 973 F.2d 169, 177–78 (3d Cir. 1992).

In light of this understanding, the Court finds that it lacks subject matter jurisdiction over Counts I–IV of the Complaint. The Superior Court's order in the foreclosure action is an interlocutory order that qualifies as a final adjudication on the merits and is, therefore, subject to *Rooker-Feldman* under Third Circuit precedent. *See id.* The court expressly held that BANA had standing to pursue foreclosure, which necessarily means that there was a valid and enforceable contract between BANA and Plaintiff. *See* Steinlight Cert., Ex. F. The court further held that Plaintiff was ineligible for a permanent modification under the parties' agreement, which negates Plaintiff's argument that Defendants were in breach of the contract. *See id.*, Ex. J. To rule in Plaintiff's favor on Counts II and III, this Court would have to directly contradict the Superior Court's holding that there was a valid contract. *Rooker-Feldman*, therefore, bars Counts II and III.

With respect to Counts I and IV (the fraud claims), the Court finds that any claims sounding in fraud are "inextricably intertwined" with an issue already adjudicated in the

4

Superior Court, namely the existence of a valid contract. To rule in Plaintiff's favor on her fraud claims, this Court would necessarily have to hold that the TPP Agreement was invalid due to BANA's fraudulent inducement and that BANA lacked standing to foreclose on Plaintiff's property, thereby impermissibly negating the Superior Court's judgment. *See Knapper*, 407 F.3d at 581. Furthermore, Plaintiff raised multiple affirmative defenses sounding in fraud in her answer to BANA's foreclosure complaint, which the court rejected in finding for BANA. *See* Steinlight Cert., Ex. B 6–8. *Rooker-Feldman*, therefore, bars Counts I and IV.[1] Accordingly, Defendants' motions to dismiss Counts I–IV are **GRANTED**, and Counts I–IV are **DISMISSED WITH PREJUDICE**.

### B. The FDCPA Claim Against Seterus

Count V is not subject to the *Rooker-Feldman* doctrine. Seterus moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See* Seterus' Mot. at 28–30. Count V alleges that Seterus violated the FDCPA by sending a letter to Plaintiff, through her attorneys, which sought reinstatement of Plaintiff's mortgage loan, including payment of $390.00 for 26 separate property inspections that supposedly occurred on April 9, 2015. *See* Pl.'s Opp'n at 43. Plaintiff argues that this letter is "an abusive action, attempt to collet [*sic*] money not owed, or both." *Id*.

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Courts analyze communications subject to FDCPA claims under the least sophisticated debtor standard. *See Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id*. at 455 (quotation omitted).

At the bottom of every page, the letter unequivocally states that it is from a debt collector who is attempting to collect a debt. *See* Compl., Ex. 11. It also clearly states upfront that Seterus was "responding to [Plaintiff's] request for the amount required to reinstate the above-referenced loan to a current status." *Id*. at 1. The letter then itemizes all of the missed payments, taxes, insurance and fees owed in connection with the mortgage. The only charges that Plaintiff alleges are a violation of the FDCPA are the 26 inspection charges. *Id*. at 9.

In the Third Circuit, "a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor; in other words, it must be *material* when viewed through the least sophisticated debtor's eyes." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015) (emphasis original). These 26 charges consist of $390.00 out of the total $221,906.10 due on the mortgage. Indeed, Plaintiff implicitly concedes that she accurately owes $221,516.10 on her mortgage. While

---

[1] Because the Court finds that *Rooker-Feldman* applies, it declines to address Defendants' other abstention and preclusion arguments.

likely false and erroneous, the Court nonetheless finds that these 26 charges amount to such a small fraction of what Plaintiff already owes that they cannot be considered material such that they would alter the decision-making process of the least sophisticated debtor. *See id*. Accordingly, Seterus' motion to dismiss Count V is **GRANTED** and Count V is **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons stated above, BANA's motion to dismiss is **GRANTED** and all counts against it are **DISMISSED WITH PREJUDICE**. Seterus and Fannie Mae's motion to dismiss is **GRANTED** and all counts against them are **DISMISSED WITH PREJUDICE**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 12, 2016**